**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT

'08 JAN 29  PM 4: 30

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO. 1:07-cr-0130-01 M/F** |
| | ) |
| **JENNIFER WILLIAMS,** | ) |
| | ) |
| **Defendant.** | ) |

## PLEA AGREEMENT

The United States of America, by counsel, Timothy M. Morrison, Acting United States Attorney for the Southern District of Indiana, and by Winfield D. Ong, Assistant United States Attorney, and the Defendant, JENNIFER WILLIAMS, in person and by counsel, William Marsh, hereby inform the court that a plea agreement has been reached in this cause pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and the following are its terms and conditions:

1.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), JENNIFER WILLIAMS agrees to plead guilty to Count One and Count Two of the Indictment filed in this cause.  Count One charges that from on or about February 2004 through August 2007, JENNIFER WILLIAMS, doing business as A New Way Transportation, a medical transportation business, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute a scheme and artifice to (1) defraud a health care benefit program; to wit: Indiana Medicaid; and (2) obtain money under the custody and control of a health care benefit

program; to wit: Indiana Medicaid, by false and fraudulent pretenses, representations and promises; in violation of 18 U.S.C. § 1347.

A violation of 18 U.S.C. § 1347 is punishable by a prison term of not more than 10 years, a fine of not more than $250,000 and a term of supervised release of not more than 3 years. The elements of this offense are that the defendant (1) in connection with the delivery of or payment for health care benefits, items, or services; (2) knowingly and willfully executed a scheme or artifice to defraud; (3) a health care benefit program.

Count Two charges that on or abut August 23, 2007, in Marion County, Indiana, JENNIFER WILLIAMS, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, to wit: Criminal Recklessness, on or about April 13, 1995, in the Marion County, Indiana, Superior Court, did knowingly possess in and affecting commerce any firearm or ammunition, to wit: a .25 caliber Browning Arms handgun, serial number 342117; in violation of Title 18, United States Code, Section 922(g)(1).

A violation of 18 U.S.C. § 922(g)(1) is punishable by a prison term of not more than 10 years, a fine of not more than $250,000 and a term of supervised release of not more than 3 years. The elements of this offense are that the defendant (1) knowingly possessed a firearm; (2) the firearm had traveled in interstate or foreign commerce; and (3) the defendant had been convicted of a felony, that is, a crime punishable by a term of imprisonment in excess of one year, before she possessed the firearm or ammunition.

2

## **GENERAL PROVISIONS**

2.     JENNIFER WILLIAMS agrees and understands that the Court will use its discretion to fashion a sentence within the statutory range set forth in Paragraph 1. WILLIAMS agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range. WILLIAMS agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range. WILLIAMS agrees and understands that the government, pursuant to Section 3553(a), may argue for a sentence other than the sentence recommended by the Sentencing Guidelines. WILLIAMS agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. WILLIAMS agrees and understands that the final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

3.     JENNIFER WILLIAMS acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of her sentence is within the discretion of the Court. WILLIAMS understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then

3

WILLIAMS will not be permitted to withdraw her plea of guilty for that reason
and will be bound by her plea of guilty.

## SPECIFIC PROVISIONS

4.      JENNIFER WILLIAMS understands that she has a statutory right
to appeal the conviction and sentence imposed and the manner in which the
sentence was determined. Acknowledging this right and in exchange for the
concessions made by the United States in this Plea Agreement, WILLIAMS
expressly waives her right to appeal on any ground her conviction. WILLIAMS
also waives her right to appeal the sentence imposed, including the right to
appeal conferred by Title 18, United States Code, Section 3742, as long as the
sentence is 37 months or less.  WILLIAMS also waives the right to contest her
conviction and the sentence imposed and the manner in which it was
determined in any collateral attack, including an action brought under Title 28,
United States Code, Section 2255, as long as the sentence is 37 months or
less.

5.      The parties agree that the imposition of a fine in this case is left to
the discretion of the Court.

6.      JENNIFER WILLIAMS will pay a total of $200 on the date of
sentencing or as ordered by the Court to the Clerk, United States District
Court, which amount represents the mandatory special assessment fee
imposed pursuant to Title 18, United States Code, Section 3013.

7.      JENNIFER WILLIAMS will provide all requested financial
information to the Financial Litigation Unit of the United States Attorney's

4

Office for the Southern District of Indiana for use in the collection of any fines or restitution imposed by the Court.

8.    JENNIFER WILLIAMS also agrees to pay restitution for all actual losses as determined by the court pursuant to Title 18, United States Code, Section 3663A(a)(1), (b)(1), and (c)(1)(A)(ii).

14.    Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

## SENTENCING GUIDELINES STIPULATIONS

15.    Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. Any matter not the subject of a stipulation may be argued to the court by either party, including the appropriate sentence considering Section 3553(a) factors.

A.    The Indictment charges violations of 18 U.S.C. § § 1347 and 922(g)(1). U.S.S.G. § § 2B1.1, base offense 6, and 2K2.1(a)(4), base offense 20, apply to these offenses.

5

B.     The total loss for the Section 1357 fraud charge for guideline purposes is approximately $80,000, increasing the base offense level by 8 levels.  U.S.S.G. § 2B1.1(b)(1)(E).

C.     The offenses do not group.  The highest offense level is 20 and one level is added , for 1 ½ units, pursuant to U.S.S.G. § 3D1.4(b),  and establishes an offense level of 21.

D.     U.S.S.G. § 3E1.1(a) (Acceptance of Responsibility) should apply to reduce the adjusted offense level provided that JENNIFER WILLIAMS clearly demonstrates  acceptance of responsibility for these offenses during the period up to and including the sentencing hearing, thereby resulting in a three (3) level decrease in the offense level.

## FINAL PROVISION

16.     JENNIFER WILLIAMS acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce JENNIFER WILLIAMS to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

TIMOTHY M. MORRISON
Acting United States Attorney
Southern District of Indiana

1·25-08
Date

Winfield D. Ong, Assistant U.S. Attorney

1 12/6/03
Date

Christina McKee, Chief, Criminal Division

Jan 23, 2008
Date

JENNIFER WILLIAMS, Defendant

1-23-08
Date

James McKinley, William L. Marsh
Attorney for Defendant

7

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two (2) level increase in the offense level.

Jan, 23, 2008
Date

Jennifer A. Williams
JENNIFER WILLIAMS, Defendant

8